NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VALLEY NATIONAL BANK, | : : : | **Civil Action No. 22-919-CCC-AME** |
| Plaintiff, | : : |  |
| v. | : : | **REPORT and RECOMMENDATION** |
| BURRINI'S OLDE WORLD MARKET, INC., | : : |  |
| Defendant. | : : |  |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court upon the motion to remand filed by plaintiff Valley National Bank ("VNB"), pursuant to 28 U.S.C. § 1452(b) [ECF 11]. This motion is opposed by Sussex Randolph Building, LP ("Sussex"), which is not a named party to this action but removed it on grounds that the action is related to Sussex's pending bankruptcy proceedings. The Honorable Claire C. Cecchi, U.S.D.J., referred VNB's motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed the papers filed by the parties and considers the motion based on those submissions. *See* Fed. R. Civ. P. 78(b).

For the following reasons, this Court respectfully recommends that VNB's motion to remand be granted and its request for an award of fees and costs be denied.

**I.   BACKGROUND**

This is an action for eviction, between plaintiff VNB as landlord and defendant Burrini's Olde World Market, Inc. ("Burrini's Market") as tenant (the "Eviction Action"). VNB filed the

1

Eviction Action on August 24, 2021, in the Superior Court of New Jersey, Law Division Special Civil Part (Landlord/Tenant), Morris County, to evict Burrini's Market from the real property located at 1204 Sussex Turnpike, Randolph, New Jersey (the "Property"). *See* Complaint for Possession Commercial (Non-Residential) Tenancy Non-Payment of Rent ("Complaint"), attached to Catuogno Cert. as Ex. A [ECF 11-2]. In the Complaint, VNB alleges Burrini's Market owes over $425,000 in rent under a lease for the Property, which was entered into by Sussex's predecessor-in-interest and Burrini's Market on November 1, 1992 (the "Lease"). Compl. at ¶¶ 1, 7.

VNB claims it is entitled to receive rent due under the Lease pursuant to: (1) an Absolute Assignment of Leases and Rent, executed by Sussex in favor of VNB's predecessor-in-interest, Oritani Bank, on December 23, 2008 (the "Assignment") and (2) a Consent Order Directing Payment of Assigned Rents to Oritani Bank and Vacating the Automatic Stay, entered by the United States Bankruptcy Court, District of New Jersey, in Case No. 14-34505, on September 2, 2015 (the "Consent Order"). *Id.* at ¶¶ 3, 5, 8. According to the Complaint, the Assignment, which was recorded in the Morris County Clerk's Office on December 26, 2008, "states that Landlord [Sussex] absolutely assigns the above Lease with Tenant to the Bank and the right to collect all rent thereunder upon default by Landlord under a certain first mortgage and promissory note." *Id.* at ¶ 3. The Consent Order, the Complaint asserts, "directs that all rents under the Lease be paid by Tenant directly to the Bank." *Id.* at ¶ 5. Trial in the Eviction Action was set to begin on February 24, 2022.

However, on February 22, 2022, the Eviction Action was removed to this Court by Sussex. In its Notice of Removal, Sussex invokes 28 U.S.C. § 1452(a), the procedural

mechanism for removing cases in Chapter 11 bankruptcy or related to such bankruptcy proceedings. Sussex asserts this Court has subject matter jurisdiction over the Eviction Action pursuant to 28 U.S.C. § 1334(b) because the action is related to a Chapter 11 bankruptcy action Sussex voluntarily initiated in this District on or about February 22, 2022, captioned Sussex Building, L.P., Debtor, and assigned Case No. 22-11369-VFP (the "Bankruptcy Action"). *See* Notice of Removal at ¶¶ 4-5 [ECF 1]. Immediately after filing the Notice of Removal, Sussex applied to the District Court for an order referring the Eviction Action to the Bankruptcy Court, to be opened as an adversary proceeding in the Bankruptcy Action. *See* Sussex Ltr. dated February 22, 2022 [ECF 6].

On March 4, 2022, VNB filed this motion to remand the Eviction Action to state court.

## II.  DISCUSSION

VNB moves for remand on three grounds. First, it argues this case was improperly removed under Section 1452(a) because Sussex is not a party to the removed action, as required by the bankruptcy removal statute. Second, VNB argues the Court lacks jurisdiction under Section 28 U.S.C. § 1334, the foundation for valid removal pursuant to Section 1452(a). Third, VNB argues that, even assuming the Court has subject matter jurisdiction, it must abstain from exercising it.[1]

---

[1] The latter two arguments were first raised in VNB's reply brief, and thus whether they should be considered by the Court is a point of contention between Sussex and VNB. Sussex, in its surreply letter of March 30, 2022, asks the Court to disregard these arguments as improperly raised for the first time in a reply brief. [ECF 16]. Indeed, "[i]t is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *Bayer AG v Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1305 (3d Cir. 2002) (quoting *Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J.1998)). Courts generally decline to consider such newly raised arguments. *See Stewart v. Beam Global Spirits & Wine,* (D.N.J. June 26, 2014) ("courts in this district frequently recognize that 'additional arguments raised in a reply brief' need not be considered given that such arguments were raised without the benefit of opposition"); *see also Tormasi v Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019) (noting same). It is also true that the Court, in its discretion and in the interests of justice, may entertain arguments initially made in the movant's reply brief

The Court begins its analysis with the threshold question of whether this action, that is, the Eviction Action, was properly removed from state court by non-party Sussex. As a vehicle to accomplish the removal of the Eviction Action to federal court, Sussex relied on 28 U.S.C. § 1452, which applies to the removal of claims related to bankruptcy cases. The statute provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). It further provides, in relevant part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Unlike Section 1441, the general removal statute, Section 1452(a) does not limit the power of removal to a defendant to the action. *Compare* 28 U.S.C. 1452(a) *with* 28 U.S.C. § 1441(a) (providing, in relevant part, that a civil action "may be removed by the defendant or the defendants"). Rather, "the bankruptcy removal statute authorizes *any* party, including plaintiffs, to remove a case" in which subject matter jurisdiction is grounded in 28 U.S.C. § 1334. *In re Stahl*, 526 F. App'x 179, 180 n. 3 (3d Cir. 2013) (emphasis in original) (citing *Cal. Pub. Employees Ret. Sys. v. Worldcom, Inc.*, 368 F. 3d 86, 103 (3d Cir. 2004)). Section 1334 grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title

---

while also giving the non-movant an opportunity to file a surreply, particularly where the scope of the motion has been expanded in the opposition brief. *See Portillo v. Nat'l Freight*, Civil No. 15-7908 (JHR/KMW), 2020 WL 3542335, at *8 (D.N.J. June 30, 2020). Here, the Court finds that Sussex's introduction of additional grounds upon which it claims its removal of this action was proper warrants the responsive arguments made by VNB in its reply. The Court has also given due consideration to Sussex's surreply.

11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[2] In short, Section 1452(a) expands removal standing to any party to that action. *Id.*; *see also Koken v. Reliance Group Holdings, Inc.* (*In re Reliance Group Holdings, Inc.*), 273 B.R. 374, 383-84 (Bankr. E.D. Pa. 2002) (holding that, although debtor not specifically designated as a defendant to the underlying action, debtor properly removed the action under Section 1452(a) because it was a necessary party whose joinder was required under Federal Rule of Civil Procedure Rule 19).

Even so, because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Wu v. Wu*, (*In re Queen Elizabeth Realty Corp.*), 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013) (citing *Shamrock Oil* and applying the rule of narrow construction to the bankruptcy removal statute, 28 U.S.C. § 1452). Though not in the context of the bankruptcy removal statute, the Supreme Court has applied the principle with equal force in narrowly construing other removal statutes. *See, e.g., Home Depot U.S.A., Inc. v. Jackson* 139 S. Ct. 1743, 1750-51 (2019) (analyzing the removal provisions of § 1441, 1453(b), and 1446 and rejecting an expansive interpretation of the term "defendant" therein that would permit a third-party counterclaim defendant to remove). The Third Circuit has echoed the *Shamrock Oil* principle in addressing removal pursuant to 28 U.S.C. § 1441, the statute governing the removal of civil actions in general. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). If "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Brown v. Francis*, 75

---

[2] Once properly removed, the action may be referred to the district's bankruptcy court, pursuant to 28 U.S.C. § 157(a). Bankruptcy Rule 9027 sets forth the procedure to be followed by "a party seeking to remove a claim or cause of action from a state or federal court to the bankruptcy court[.]"

F.3d 860, 865 (3d Cir. 1996); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning subject matter jurisdiction must be resolved in favor of remand). Moreover, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

Here, because Sussex invoked this Court's subject matter jurisdiction by filing the Notice of Removal, it bears the burden of showing the case is properly in federal court. This burden includes demonstrating it was authorized to remove the action from state court under Section 1452(a). However, the bankruptcy removal statute, as the Court noted, circumscribes the right to move to a "party," and, as VNB has emphasized in its motion to remand, Sussex has not been formally joined as a party in the Eviction Action, by service of process or order granting the right to intervene. Sussex, in opposition, maintains it nevertheless falls within the statute's purview.

Whether the Eviction Action was properly removed is a matter of statutory interpretation, specifically, determining whether the meaning of the word "party" in Section 1452(a) may include Sussex. Neither VNB nor Sussex have cited any controlling authority regarding the meaning of this term. It appears, from the Court's own research, that the question has not been resolved by the Supreme Court or the Third Circuit Court of Appeals. Thus, this Court endeavors to construe the term, applying two pertinent and well-established principles of statutory interpretation. One, "the plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters. Inc.*, 241 (1989) (quoting

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). Two, "where . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

Section 1452 uses the word "party," a legal term of art, to identify who may remove a state court action on grounds it is related to a federal bankruptcy action as defined in 28 U.S.C. § 1334. However, Section 1452 does not define the term. Black's Law Dictionary defines "party," in relevant part, as: "One by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment; litigant." *Party, Black's Law Dictionary* (11th ed. 2019). The text of Section 1452 is clear and gives no indication that "party" might be susceptible to more than one interpretation. Consequently, the statutory term must be afforded its plain meaning. Construing the bankruptcy removal statute narrowly and using the ordinary meaning of "party" requires the conclusion that only one who is directly involved in a state court action and has a right to control the proceedings may remove the action to federal court under Section 1452.

Although no published opinion in the District of New Jersey has defined the scope of standing to remove under Section 1452, bankruptcy courts in other districts have found the statute's use of the term "party" is an unambiguous reference to a person or entity formally joined in the action as a party, through service of process on the named litigant or by court order permitting intervention. *See, e.g.*, *Wu*, 502 B.R. at 22 (collecting cases and concluding that "the Court concludes that the term 'party' as used in 28 U.S.C. § 1452(a) should be given its ordinary meaning and preclude non-parties from removing state court proceedings."); *Contegra Const. Co. LLC v. Sutphen* (*In re Advance Iron Works, Inc.*), 495 B.R. 404, 409 (Bankr. S.D. Ill. 2013)

7

(holding that, based on language of Section 1452, a nonparty may not avail itself of the statute's removal procedures, even when it claims to be the real party in interest); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08–cv–775, 2010 WL 1257879, at *2 (N.D.N.Y. Mar. 26, 2010) (rejecting removal under Section 1452(a) by a non-party as defective, reasoning that "[w]here a removal statute speaks only of removal by a 'party' or a 'defendant,' a non-party who claims to be a real party in interest has no authority to remove a case from state court."); *Hayim v. Goetz* (*In re SOL*, LLC), 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009) (holding that, despite being named in the complaint, debtor was not a party to the state court action it attempted to remove because it had not been served with process) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *In re Hearthside Baking Co.*, 391 B.R. 807, 819 (Bankr. N.D. Ill. 2008) (holding that a party, within the meaning of 1452(a), must be named and served or be authorized to act on behalf of a named party pursuant to court order) (citing *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005)); *Pereira v. Dunnington* (*In re 47-49 Charles Street, Inc.*), 211 B.R. 5, 6 (S.D.N.Y. 1997) (rejecting non-party's attempt to remove landlord-tenant action under Section 1452(a), noting non-party's motions to intervene had been denied by state court). Indeed, courts adopting this reasoning have held that where a bankruptcy debtor invokes Section 1452(a) to remove an action in which the debtor is not a named and properly joined party, the action must be remanded because the removal is a "nullity," *Hayim*, 419 B.R. at 503, and the federal court has not been conferred removal jurisdiction. *Whitney Lane Holdings*, 2010 WL 1257879, at *2 (adopting magistrate judge's recommendation to remand an action removed under Section 1452 by a nonparty, noting the "weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party.").

8

Summarizing and endorsing the view espoused by this line of cases, the Bankruptcy Court for the Southern District of New York has held: "someone who is not a party to the state court action cannot remove the case under 28 U.S.C. § 1452(a), and the removal by a non-party does not vest the federal court with subject matter jurisdiction." *Wu*, 502 B.R. at 22.

The bankruptcy court's discussion in *Wu* is instructive. There, the court remanded two state court lawsuits, a matrimonial action and an eviction action, based on the defective removal by a bankruptcy debtor. *Id.* The debtor was a corporation owned, in part, by the matrimonial action defendant, whose property was placed under the control of a receiver pursuant to state court order. *Id.* at 19-20. The receiver initiated eviction proceedings against the debtor's tenant and obtained a judgment for unpaid rent as well as a warrant of eviction. *Id.* at 20. Though it was not a party to either the matrimonial action or the eviction action, the debtor removed both pursuant to Section 1452, claiming they were adversary proceedings related to the debtor's pending bankruptcy action. *Id.* at 21. The district court referred both adversary proceedings to the bankruptcy court, which then issued an order directing the debtor to show cause why the proceedings should not be remanded to state court. *Id.* After analyzing the language of Section 1452(a) and reviewing relevant caselaw, the bankruptcy court agreed with the weight of authority on the scope of Section 1452 and found that, although the non-party debtor claimed an interest in the state court actions, it lacked authority under the statute to remove them, according to the plain and unambiguous meaning of the term "party." *Id.* The court noted of a line of cases in which the term had been read "more broadly to include a non-party who is the real party in interest in the litigation" but reasoned they were not consistent with the tenet that removal statutes must be narrowly construed "and any doubts are [to be] resolved against removability."

*Id.* at 22. Accordingly, the court held it had not been properly vested with subject matter jurisdiction and remanded the actions to state court. *Id.* at 22.

*Wu*'s reasoning applies with equal force here. The record is clear that Sussex is not a party to the Eviction Action. It has not been named in the Complaint, nor in any third-party pleading, nor has it been served with process to effect its joinder as a defendant or third-party defendant. Although it claims to have an interest in the outcome of the Eviction Action, arguing it assigned receivable rents to VNB but not the right to seek eviction for non-payment, Sussex has not been added as an intervenor pursuant to a court order. Nor is there any indication it was otherwise formally joined as a necessary party.

Notwithstanding these indisputable facts, Sussex tries to shoehorn the removal of this action into Section 1452 in various ways. None are availing.

First, in its opposition brief, Sussex argues that the state court granted it leave to intervene in the Eviction Action in two ways: (1) by permitting Sussex, through its principal, to appear in connection with a motion to transfer filed by Burrini's Market and (2) by entering a related order that included Sussex's name in the caption of the case.[3] This argument ignores that the state court record lacks any formal request by Sussex to intervene and a court order expressly granting such request. To the contrary, the state court clarified for the record that Sussex is *not* a party to the action. During argument on the motion to transfer, the state court permitted Sussex's president, Lawrence Berger, to speak, and the following colloquy occurred:

---

[3] The motion sought transfer of the Eviction Action to a separate civil action pending in the Law Division, Bergen County, captioned *Valley National Bank v. Burrini's Olde World Market, Inc. and Peter Burrini*, BER-L-6666-21, an action in which Sussex is, in fact, named as a third-party defendant.

> The Court:      And just to clarify, though, I know that one of the issues so far – or that was raised is that Sussex is not a named party in the LT [landlord tenant] action. Is that correct?
>
> Mr. Berger:     That's correct, Judge.
>
> The Court:      All right. All right. I just want to make sure the – nothing has changed., there's been no amendments to the pleadings since I looked at them last Thursday or Friday.

Eviction Action Tr. 4:20 – 5:3, attached to Second Catuogno Cert. as Ex. A [ECF 14-1].[4] Thereafter, the state court entered an order, dated October 18, 2021, denying the motion to transfer but, despite making alterations to the form of order submitted, did not strike out Sussex's name from the caption. Sussex argues the appearance of its name in the caption of the order further indicates the state court's intent to add it as a party. Here, too, Sussex elides the substance of the order. It identifies only "Oritani Bank" and Burrini's Market as the plaintiff and defendant, respectively. (Berger Cert., Ex. A.) Moreover, as VNB notes in its reply brief, the form of order entered by the state court appears, from the counsel block appearing above the caption, to have been prepared and submitted by Burrini's Market with its motion to transfer. The order endorsed by the court indeed left the case caption fashioned by Burrini's Market unchanged. However, it did not grant Sussex the right to intervene or otherwise join the action as an interested party, notwithstanding Sussex's assertions that the order "made the Debtor a party to the Action." (Opp. Br. at 6.) In short, neither the opportunity provided by the state court, in its discretion, for

---

[4] In fact, at the motion hearing, the court initially denied Mr. Berger's request to present argument because, the court noted, Sussex was "not in this matter." *Id.* at 11:7-9. The Court ultimately allowed Sussex, through Mr. Berger, to express its views on the transfer motion, upon learning it had submitted papers, though apparently without leave of court and outside the state court required e-courts system.

Sussex to be heard at the motion hearing nor the inclusion of its name in the caption of the order denying the motion grants Sussex party status to the Eviction Action, particularly in light of the state court's very clear statement to the contrary.

Second, Sussex argues that even if it is not a party, it nevertheless had the right to remove the Eviction Action under Section 1452(a) as a "party in interest." It points out that the meaning of the term "party" in the bankruptcy removal statute not only remains an unresolved question in the Third Circuit but has in fact been interpreted more broadly by courts other than those cited by VNB. Sussex relies on a line of cases permitting removal of a state court action under Section 1452(a) where "the removing entity, though not a party, is a real party in interest in the removed action." *In re Wesco Prods. Co.*, 19 B.R. 908, 910 (Bankr. N.D. Ill. 1992); *see also Burns v. Grupo Mex. S.A. de C.V.*, No. 07 Civ. 3496, 2007 WL 4046762, at *4 (S.D.N.Y. Nov. 16, 2007) (collecting cases). Sussex argues it is a party in interest in the Eviction Action because "VNB is attempting to exercise a right which the Debtor [Sussex] never granted to VNB in the Assignment of Rents: namely, the Debtor's right as owner of the Property to commence an eviction action against its tenant on the Property." (Opp. Br. at 9.) It further maintains that the continued tenancy of Burrini's Market in the Property "is an important element to the Debtor's intended plan of reorganization." (*Id.* at 11.) Sussex asserts that, based on its interest in the use and occupancy of the Property, it would have been entitled to intervene in the Eviction Action under New Jersey Court Rules.

Sussex's argument that it was entitled, as an interested party, to remove the Eviction Action is not persuasive. The Court has reviewed the cases Sussex cites for the proposition that a "party in interest" may remove a state court action under Section 1452. Those decisions were

12

largely based on equitable considerations, intended to avoid barring a debtor from removing a state action in which another entity, often related in some way to the debtor, had incorrectly been named as the party defendant instead of the debtor. In some, the court sought to prevent "exalt[ing] form over substance" based on what it perceived to be a technicality. *Frankford Trust Co. v. Allanoff* (*In re Dublin Properties*), 20 B.R. 616, 621 (Bankr. E.D. Pa. 1982). In others, the court determined that the nonparty debtor had the right to remove under Section 1452 because it "could have intervened and been made a party in the state-court proceeding." *Aetna Cas. & Surety Co. v. Dauria* (*In re Pine Assocs.*), 40 B.R. 683, 686 (Bankr. D. Conn. 1984). However, for the reasons previously discussed, this Court takes the view that the plain language of the removal statute should not be broadened to read "party" as "party in interest," especially given the lack of binding authority directing the Court to construe the statute in the manner urged by Sussex. Like the courts that have found the line of cases on which Sussex relies to be unpersuasive, this Court agrees that those decisions "ignore the express language of § 1452(a)" and read out of the statute the requirement that only a "party" may remove. *See Contegra Construction Co.*, 495 B.R. at 409-410 (citing *Linnemann v. Post* (*In re Mission Bay Ski & Bike, Inc.*, No. 07 A 1045, 2007 WL 4390331, at *2-3 (Bankr. N.D. Ill. Dec. 14, 2007)).

Even assuming, for the sake of argument, the Court were to take an expansive view of Section 1452(a), Sussex has failed to demonstrate that it is the "real party in interest" in the Eviction Action. The record before the Court indicates Sussex assigned its right to collect rent on the Property, a fact it does not dispute. Instead, it claims an interest in the continued occupancy of the Property by Burrini's Market, asserting in opposition to the motion to remand that (1) it never assigned the right to seek eviction of a tenant from the Property and (2) it is entitled to

13

"rents in excess of the Debtor's monthly payment obligations owed to Oritani" pursuant to an agreement and order in connection with Sussex's previous Chapter 11 reorganization plan. (Berger Cert. ¶ 5-6.) As noted by VNB in its reply, the Assignment grants VNB the right to "file any claim . . . to collect and enforce the payment of any and all rents" *and* the "full power to use all measures, legal and equitable, deemed by it necessary or proper to enforce this Absolute Assignment and to collect the rents and other amounts assigned hereunder, including the right to enter upon the Premises, or any part thereof, and take possession thereof forthwith." (Second Catuogno Cert., Ex. B at ¶ 2, 3.) To the extent it claims a right to excess rent payments, Sussex's position is incongruent with facts on which the Eviction Action is predicated, that is, the non-payment of rent by Burrini's Market. Moreover, although Sussex had ample opportunity to petition the state court to intervene in the Eviction Action, it did not. Instead, several months after the October 2021 hearing, during which the state court made clear Sussex was not a party to the action, it filed a Chapter 11 bankruptcy action and immediately thereafter removed the Eviction Action to federal court.[5] The facts here do not present a compelling case for the Court's exercise of its equitable power, even if it had the discretion to do so. However, Section 1452 does not afford the Court that latitude, particularly in light of the well-established authority directing that removal statutes be strictly construed.

   Third, as an alternative to asserting it had the right to remove the Eviction Action, Sussex maintains that any potential defect in its removal of the action has been cured by the Notice of Removal subsequently filed by Burrini's Market, a party with standing to remove under Section 1452(a). This argument lacks any legal support. By the time Burrini's Market filed a pleading

---

[5] The Court notes both of these filings occurred two days before trial in the Eviction Action was scheduled to begin.

styled a "Notice of Removal," on March 15, 2022, the action had already been removed, albeit improperly, by Sussex.[6] Simply put, this action was not removed to this Court by Burrini's Market, and neither Sussex's opposition to the motion to remand, nor the Notice of Removal filed by Burrini's Market, cite any legal authority for the novel proposition that a case can be "re-removed" once it is already pending in federal court.

Given the improper and unauthorized removal by Sussex, the Court need not reach the other arguments made by VNB on this motion to remand, specifically, that this Court lacks subject matter jurisdiction and that, even assuming it does, the Court should abstain from exercising it. Nevertheless, because Sussex's purported interest in the Eviction Action, has featured so prominently in the arguments concerning its right to remove, the Court notes that, in the absence of Sussex's interest in the Eviction Action, any removal under Section 1452(a) would also appear to face a second impediment, that is, establishing this Court has subject matter jurisdiction under Section 1334. For Section 1334 removal to attach, the removed action must be "related to" a case under title 11. 28 U.S.C. § 1334(b). Sussex maintains the Eviction Action is related to its Chapter 11 case because the potential income stream from the rents on the Property could affect its plan of reorganization. However, the Third Circuit has held that rents cannot be considered in a bankruptcy plan if they have been absolutely assigned by the debtor to another, according to New Jersey property law. *In re Jason Realty, L.P.*, 59 F.3d 423, 427-429 (3d Cir. 1995) (holding that under New Jersey property law "[a]n absolute assignment transfers title to

---

[6] To boot, Burrini's Market filed its "Notice of Removal" after this motion to remand was filed, on March 4, 2022.

the assignee upon its execution" and therefore the district court "properly concluded that the [assigned] rents . . . were not property of the bankruptcy estate.").[7]

Lastly, this Court addresses VNB's request, under 28 U.S.C. § 1447(c), for an award of fees and costs in connection with bringing this motion to remand, an award it maintains is warranted due to the patent impropriety of the purported removal by Sussex.

The statute provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Such an award is warranted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, because there is at least some conflicting caselaw concerning the breadth of Section 1452(a), the Court cannot conclude that Sussex's attempt to remove thereunder, albeit improper, was so unreasonable as to warrant the imposition of costs and fees. *See Inselberg v. N.Y. Football Giants*, 661 F. App'x 776, 779 (3d Cir. 2016) (concluding district court did not abuse its discretion in denying an award of fees and costs, given that the motion to remand involved difficult jurisdictional issues about which reasonable minds could differ).

---

[7] Sussex, in its surreply letter, implies that *Jason Realty* was abrogated, or at least curtailed, by the 2005 enactment of 11 U.S.C. § 362(d)(3)(B), which authorizes single asset real estate debtors to use rents to make payments to a creditor whose claim is secured by an interest in such real estate. However, it cites no authority for that view, and the many decisions of this District applying the *Jason Realty* rule after 2005 belie Sussex's implied contention. *See, e.g., In re Surma*, 504 B.R. 770, 774-75 (Bankr. D.N.J. 2014) (holding that rents which had been assigned by debtor were, according to the mandate of *Jason Realty*, not available for use or allocation by the debtor as it proposed in its Chapter 11 plan); *In re Cordova*, 500 B.R. 701, 707-710 (D.N.J. 2013) (applying the rule articulated by *Jason Realty* and affirming the bankruptcy court's ruling that, because the debtor made a pre-petition absolute assignment of rents to the lender, title to the rents had been transferred and the rents did not enter the bankruptcy estate); *cf. Wells Fargo Bank N.A. v. Ashley Business Park LLC*, 548 F. App'x 791, 796 (3d Cir. 2013) (noting that "*Jason Realty* stands for the proposition that, under New Jersey law, an absolute assignment of rents (and, in some circumstances, even a conditional assignment) passes title to the assignee" but finding the rule did not apply to divest control of rents given to the Receiver pursuant to court order).

### III. CONCLUSION

For the foregoing reasons, this Court finds that Sussex has failed to carry its burden of demonstrating this action was properly removed from state court under 28 U.S.C. § 1452(a). Accordingly, this Court respectfully recommends that VNB's motion to remand the Eviction Action to the Superior Court of New Jersey, Law Division Special Civil Part (Landlord/Tenant), Morris County [ECF 11] be **GRANTED**. It further recommends that VNB's request for an award of fees and costs be denied.

                                                /s/ *André M. Espinosa*
                                                ANDRÉ M. ESPINOSA
                                                United States Magistrate Judge

Dated: July 29, 2022