NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALLEY NATIONAL BANK,<br><br>        Plaintiff,<br><br>    v.<br><br>BURRINI'S OLDE WORLD MARKET, INC.,<br><br>        Defendant. | Civil Action No.: 22-00919<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court upon the motion to remand filed by plaintiff Valley National Bank, pursuant to 28 U.S.C. § 1452(b). ECF No. 11. Sussex Randolph Building, LP ("Sussex"), which is not a named party to this action but had removed the underlying action on grounds that it is related to Sussex's pending bankruptcy proceedings, opposed the motion to remand. ECF No. 13. On July 29, 2022, Magistrate Judge Andre M. Espinosa issued a Report and Recommendation, recommending that the case be remanded to state court. ECF No. 18 (the "R&R"). Sussex subsequently filed objections to Judge Espinosa's R&R on August 12, 2022. ECF No. 19. Valley National Bank filed a brief in support of Judge Espinosa's R&R (ECF No. 20) and Sussex replied (ECF No. 21). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Espinosa's R&R and grants Valley National Bank's motion to remand.

1

## II. BACKGROUND

### A. Procedural Background

This is an action for eviction, between plaintiff Valley National Bank as landlord and defendant Burrini's Olde World Market, Inc. ("Burrini") as tenant (the "Eviction Action"). Valley National Bank filed the Eviction Action on August 24, 2021, in the Superior Court of New Jersey, Law Division Special Civil Part (Landlord/Tenant), Morris County, to evict Burrini from the real property located at 1204 Sussex Turnpike, Randolph, New Jersey (the "Property"). *See* ECF No. 11-2, Ex. A (the "Eviction Complaint"). In the Eviction Complaint, Valley National Bank alleges Burrini owes over $425,000 in rent under a lease for the Property, which was entered into by Sussex's predecessor-in-interest (B&B Associates, Ltd.) and Burrini on November 1, 1992 (the "Lease"). *Id.* at ¶¶ 1, 7.

Valley National Bank claims it is entitled to receive rent due under the Lease pursuant to: (1) an Absolute Assignment of Leases and Rent, executed by Sussex in favor of Valley National Bank's predecessor-in-interest (Oritani Bank) on December 23, 2008 (the "Assignment") and (2) a Consent Order Directing Payment of Assigned Rents to Oritani Bank and Vacating the Automatic Stay, entered by the United States Bankruptcy Court, District of New Jersey, in Case No. 14-34505, on September 2, 2015 (the "Consent Order"). *Id.* at ¶¶ 3, 5, 8. According to the Eviction Complaint, the Assignment, which was recorded in the Morris County Clerk's Office on December 26, 2008, "states that Landlord [Sussex] absolutely assigns the above Lease with Tenant to the Bank and the right to collect all rent thereunder upon default by Landlord under a certain first mortgage and promissory note." *Id.* at ¶ 3. The Consent Order, the Complaint asserts, "directs that all rents under the Lease be paid by Tenant directly to the Bank." *Id.* at ¶ 5.

Trial in the Eviction Action was set to begin on February 24, 2022. However, on February 22, 2022, the Eviction Action was removed to this Court by nonparty Sussex. ECF No. 1. In its

Notice of Removal, Sussex invoked 28 U.S.C. § 1452(a), the procedural mechanism for removing cases in Chapter 11 bankruptcy. *See id.* Sussex asserted this Court has subject matter jurisdiction over the Eviction Action pursuant to 28 U.S.C. § 1334(b) because the action is related to a Chapter 11 bankruptcy action Sussex voluntarily initiated in this District on or about February 22, 2022, captioned Sussex Building, L.P., Debtor, and assigned Case No. 22-11369-VFP (the "Bankruptcy Action"). *See id.* at ¶¶ 4-5. Immediately after filing the Notice of Removal, Sussex applied to the District Court for an order referring the Eviction Action to the Bankruptcy Court, to be opened as an adversary proceeding in the Bankruptcy Action. *See* ECF No. 6.

### B. The Instant Motion

On March 4, 2022, Valley National Bank filed a motion to remand the Eviction Action to state court on three grounds: (1) the case was improperly removed by Sussex under 28 U.S.C. § 1452(a) because Sussex is not a "party" to the removed action, as required under the bankruptcy removal statute; (2) the Court lacks jurisdiction under § 1334, the foundation for valid removal under § 1452(a); and (3) even assuming the Court has subject matter jurisdiction, it must abstain from exercising it under 28 U.S.C. § 1334(c)(2). *See* ECF Nos. 11-1 at 4-7, 14 at 5-12.[1] Additionally, Valley National Bank sought an award of fees and costs in connection with bringing the motion to remand under 28 U.S.C. § 1447(c) due to the purported impropriety of removal by Sussex. *See* ECF No. 11-1 at 7-8.[2]

---

[1] Sussex asked the Court to disregard Valley National Bank's second and third arguments because they had been raised in Valley National Bank's reply brief. The R&R, although it did not rule on these arguments, ultimately found that "Sussex's introduction of additional grounds [in its opposition] upon which it claims its removal of this action was proper warrants the responsive arguments made by Valley National Bank in its reply" and, moreover, gave due consideration to Sussex's surreply. *See* R&R at 3 n.1 (citing *Portillo v. Nat'l Freight*, No. 15-7908, 2020 WL 3542335, at *8 (D.N.J. June 30, 2020)).

[2] This Court agrees with the R&R's recommendation, to which the parties do not object, that Valley National Bank is not entitled to an award of fees and costs. *See* R&R at 16.

3

In the subsequent R&R, Judge Espinosa noted that § 1452, providing for removal in bankruptcy cases, limits the power of removal to a "party." R&R at 6 (citing § 1452(a)). Affording this statutory term its unambiguous plain meaning, Judge Espinosa found that "party," as used in § 1452(a), refers only to "one who is directly involved in a state court action and has a right to control the proceedings." *Id.* at 7.

In support of this interpretation, Judge Espinosa noted that bankruptcy courts have found that "party" is "an unambiguous reference to a person or entity formally joined in the action as a party, through service of process on the named litigant or by court order permitting intervention." *Id.; see also id.* Of particular note in the R&R was *Wu v. Wu* (*In re Queen Elizabeth Realty Corp.*), 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013)*,* in which the bankruptcy court remanded two state court lawsuits, a matrimonial action and an eviction action, because the non-party debtor claiming an interest in the state actions was not a "party" with the authority to remove them under § 1452(a). R&R at 9-10. Accordingly, since Sussex was not formally joined in the Eviction Action, it was not a proper "party" entitled to removal.

Judge Espinosa rejected Sussex's argument that the state court granted Sussex leave to intervene in the Eviction Action. *See id.* at 10-11 (detailing the state court proceedings). Judge Espinosa also found unpersuasive Sussex's contention that "party" should be understood to mean "party in interest." *See id.* at 12-13 (finding the cases put forth by Sussex inapposite, suggesting only that removal by a party in interest was permissible when a party had been incorrectly named or the nonparty could have intervened in the state-court proceeding). Further, Judge Espinosa found that even under such an expansive reading, Sussex had not shown itself to be the "real party in interest" because it conceded it had granted an Assignment to Valley National Bank's predecessor-in-interest (Oritani Bank), which assigned all Burrini's rent payments and "the right

4

'to file any claim . . . to collect and enforce the payment of any and all rents,'" including "all measures, legal and equitable." *Id.* at 14 (quoting ECF No. 14-1, Ex. A).

Additionally, Judge Espinosa rejected Sussex's argument that any potential defect in Sussex's notice of removal was cured when Burrini filed its own notice of removal. The Court found that Sussex had provided no legal support for this argument and that the operative removal was Sussex's—not Burrini's subsequent notice after Sussex had removed the case and Valley National Bank had filed its motion to remand. *See id.* at 15 ("Simply put, this action was not removed to this Court by Burrini's Market, and neither Sussex's opposition to the motion to remand, nor the Notice of Removal filed by Burrini's Market, cite any legal authority for the novel proposition that a case can be 'reremoved' once it is already pending in federal court.").

Following Judge Espinosa's recommendation that the Eviction Action be remanded to state court because it was improperly removed, Sussex objected pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72(c)(2). ECF No. 19 ("Sussex Br."). This Court now considers the R&R and Sussex's objections.

### III. LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . , a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). The district court must make a *de novo* determination of those portions of the Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). The district court may

then "accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

### IV. DISCUSSION

Once a motion to remand is filed, the party that removed the case has the burden of establishing the propriety of removal. *Carroll* v. *United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)); *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer,* 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)); *see Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Wu,* 502 B.R. at 22 (applying strict construction of removal statutes to bankruptcy removal). Against this background of strict construction of removal statutes, the Court finds, as Judge Espinosa did, that Sussex has not meet its burden of establishing the propriety of removal because it has not shown it is a "party" to the Eviction Action, as required for removal pursuant to 28 U.S.C. § 1452(a).

28 U.S.C. § 1452 governs removal of claims related to bankruptcy cases. It provides, in relevant part, that "[a] *party* may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." *Id.* § 1452(a) (emphasis added). Accordingly, to meet its burden of establishing the propriety of removal, Sussex must show here that it is a "party" in the relevant civil action—the Eviction Action.

6

In statutory interpretation, "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *In re Hackler and Stelzle-Hackler*, 938 F.3d 473, 477 (3d Cir. 2019) (internal quotation omitted). As Judge Espinosa found, the plain meaning of "party" in this context is limited to one who is directly involved in an action and has a right to control the proceedings. *See Party, Black's Law Dictionary* (11th ed. 2019) ("One by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment; litigant."); *see also* R&R at 7.

Moreover, the weight of authority in bankruptcy cases addressing this issue indicates that "the term 'party' as used in 28 U.S.C. § 1452(a) should be given its ordinary meaning and preclude non-parties from removing state court proceedings." *Wu,* 502 B.R. at 23 (collecting cases and rejecting removal by nonparty in state eviction and matrimonial actions); *see also Hayim v. Goetz* (*In re SOL*, LLC), 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009) (holding that, despite being named in the complaint, debtor was not a party to the state court action it attempted to remove because it had not been served with process); *In re Hearthside Baking Co.*, 391 B.R. 807, 819 (Bankr. N.D. Ill. 2008) (holding that a party, within the meaning of 1452(a), must be named and served or be authorized to act on behalf of a named party pursuant to court order); *Pereira v. Dunnington* (*In re 47-49 Charles Street, Inc.*), 211 B.R. 5, 6 (S.D.N.Y. 1997) (rejecting non-party's attempt to remove landlord-tenant action under Section 1452(a), noting non-party's motions to intervene had been denied by state court). Notably, this extends to situations where the nonparty purports to be the real party in interest. *See, e.g., Contegra Const. Co. LLC v. Sutphen* (*In re Advance Iron Works, Inc.*), 495 B.R. 404, 409 (Bankr. S.D. Ill. 2013) (holding that § 1452 prohibits a nonparty from availing itself of the statute's removal procedures, even when claiming to be the real party in interest); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08–775, 2010 WL 1257879, at *2 (N.D.N.Y. Mar. 26, 2010)

(rejecting removal under Section 1452(a) by a non-party as defective, reasoning that "[w]here a removal statute speaks only of removal by a 'party' or a 'defendant,' a non-party who claims to be a real party in interest has no authority to remove a case from state court.").

Here, Sussex has not offered a colorable claim that it is a named party, nor that it has been served with process, or has intervened in the Eviction Action. To the contrary, the record indicates that the state court expressly clarified (and Sussex's principal confirmed) that "Sussex is not a named party in the LT [landlord-tenant] action" and is "not in this matter." ECF No. 14-1, Ex. A, Eviction Action Tr. 4:20-5:3, 11:7-9; *see also* R&R at 14 ("[A]lthough Sussex had ample opportunity to petition the state court to intervene in the Eviction Action, it did not."). Therefore, guided by the principle that removal statutes must be narrowly construed, the plain meaning of "party," and the case law addressing this issue, the Court finds that Sussex has not met its burden in establishing that it is a party to the Eviction Action under § 1452(a).

Sussex's principal objection on this issue is that the Court need not construe §1452(a) to exclude parties in interest. *See* Sussex Br. at 13-14. Sussex does not refute that removal statutes generally should be narrowly construed but, instead, argues that, because *Wu* relied on cases addressing the civil removal statute, this principle does not extend to the bankruptcy context. Sussex contends that the broad jurisdiction federal courts have over all civil proceedings that are "related to" bankruptcy cases, *see* 28 U.S.C. §1334(b), requires an expansive interpretation of "party" in § 1452(a). *See id.* Sussex has not, however, offered any authority suggesting the subject matter jurisdiction for proceedings related to bankruptcy controls the question of *who* may invoke that jurisdiction. *See generally* Sussex Br. Instead, Sussex's objection relies solely on *Burns v. Grupo Mexico S.A. De C.V.*, No. 07-3496, 2007 WL 4046762, at *3 (S.D.N.Y. Nov. 16, 2007), which, without interpreting the language of §1452(a), allowed non-party removal because it found "numerous courts have held that non-parties may remove an action in circumstances similar to

those present in this case." *Id.* at *4; *see* Sussex Br. at 13. But *Wu*, decided six years later in the same district as *Burns*, rejected the *Burns* decision, determining that "party" should be given its ordinary meaning and noting that the cases since *Burns* was decided supported the interpretation that a nonparty may not remove a state action under § 1452. *See Wu*, B.R. 17 at 22-23 (addressing *Burns* and collecting cases); *see also Contegra*, 495 B.R. at 409 (rejecting cases which interpreted "party" as "something more akin to a 'real party in interest' . . . because they ignore the express language of § 1452(a)"). Additionally, the "circumstances" that *Burns* referenced were quite different than those here: the nonparties in *Burns* that sought removal were also simultaneously seeking to be substituted for the original plaintiffs. Thus, their nonparty status when seeking removal was ultimately altered when the court substituted them as plaintiffs. *See Burns*, 2007 WL 4046762, at *3. Therefore, Sussex has not sufficiently shown that this Court should depart from the plain meaning of "party" and the recent cases holding a nonparty may not claim party status under § 1452(a) as a party in interest.[3]

Sussex's other principal objection, concerning Burrini's Notice of Removal, filed after Sussex's Notice of Removal and Valley National Bank's motion to remand on March 15, 2022 (ECF No. 12), is similarly unavailing.[4] Sussex asserts that when a party timely joins in supporting

---

[3] In any event, Sussex has not adequately established that it is a party in interest in the Eviction Action. Sussex claims it is a party in interest because the rents from Burrini, which it has admittedly assigned to Valley National Bank, "are a critical aspect of [its] proposed plan of reorganization." Sussex Br. at 14. But to the contrary, Sussex has acknowledged that its "filed plan of reorganization . . . *is premised on funding from a non-debtor affiliate*"—not from these rents. *Id.* at 1 (emphasis added). Indeed, the Third Circuit has held that when a debtor has conveyed an absolute assignment of rents, those "rents are not property of the estate and are not available as cash collateral nor as a funding source for the debtor's reorganization plan." *In re Jason Realty, L.P.,* 59 F.3d 423, 425 (3d Cir. 1995); *see also* Compl. ¶ 3 (describing the "Absolute Assignment").

[4] Sussex's other arguments concerning purported errors in the R&R do not bear on the Court's decision and need not be addressed. Although Sussex contends that the R&R was in error in finding that the Court lacks "related to" jurisdiction under 28 U.S.C. § 1334, *see* Sussex Br. at 16-18, the

9

removal by a nonparty, the original removal becomes effective and any defect is cured. *See* Sussex Br. at 7. Thus, Sussex contends, Burrini's Notice of Removal cured any defect because Burrini was clearly a party to the Eviction Action. In support, Sussex relies on *Frankford Trust Co. v. Allanoff* (*In re Dublin Properties*), 20 B.R. 616, 621 (Bankr. E.D. Pa. 1982) and *In re Aetna Cas. & Surety Co. v. Dauria* (*In re Pine Assocs.*), 40 B.R. 683, 686 (Bankr. D. Conn. 1984). The Court, however, finds these cases distinguishable.[5]

Importantly, as Judge Espinosa noted, both cases pertained to situations where the nonparty could readily have intervened or been substituted as a party in the underlying state court action. *See* R&R at 13. *Dublin Properties*, for example, is instructive. There, the debtor and two banks settled an adversary proceeding related to a bankruptcy through a consent judgment which, among other things, assigned the banks' full interest in judgments it held against other parties to the debtor. *Dublin Properties,* 40 B.R. at 618-19. When those other parties subsequently sought to compel satisfaction of the judgments in state court, the debtor removed the action to federal court. *Id.* at 619. The parties objected to the removal on the grounds that the debtor was not a named party to the state action. *Id.* at 621. Notably, however, the court found that the debtor, in addition to having the banks' support on removal, "could have moved to intervene or to be substituted as a party in

---

R&R noted only that Sussex "face[s] a second impediment" in establishing "related to" jurisdiction, should the Court look past the § 1452 issue, R&R at 15. However, as detailed above, this Court rests its decision on § 1452. Similarly, Sussex's contention that the R&R was in error by improperly considering arguments raised in reply, *see* Sussex Br. at 19-20, belies the fact that the R&R did not make recommendations on these issues.

[5] Relatedly, Sussex points to potential "inequitable consequences" to Burrini if the Court orders remand, given that Burrini filed a timely notice of removal but the 90-day deadline under Fed. R. Bankr. P. 9027 has since passed. Sussex Br. at 11-12. Putting aside Sussex's attempt to assert another party's rights, Fed. R. Bankr. P. 9006(b) nonetheless permits enlargement of certain deadlines, such as removal. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3d Cir. 1984) (noting that under Fed. R. Bankr. P. 9006(b) "it is clear that the court may grant [] an extension" to "the time period for removal"), *overruled on other grounds by Things Remembered, Inc., v. Petrarca*, 516 U.S. 124 (1995). This argument is thus misplaced.

the court proceedings," since the debtor held the "legal or equitable interest in the judgments." *Id.* That is, despite the banks being the named parties in the state action, it was clearly the debtor who was the real party in interest, having been assigned the banks' full rights in the judgments. Accordingly, to deny removal in these circumstances, the court held, "would be to exalt form over substance." *Id.* Similarly, in *Pine Assocs.,* the court permitted the debtor to remove a state proceeding with the approval of other named parties only after determining that, "under Connecticut rules of procedure . . . [the] debtor could have intervened and been made a party in the state-court proceeding." *In re Pine Assocs.*, 40 B.R. at 686 (citing Conn. Gen. Stat. § 52-102; Conn. Prac. Book § 85).

Here, by contrast, Sussex has not asserted a right to be substituted in the Eviction Action. In fact, it has made no real effort to intervene in the Eviction Action, despite ample opportunity, and clarified to the state court that it was not a party when asked. *See* ECF No. 14-1, Ex. A, Eviction Action Tr. 4:20-5:3, 11:7-9 (colloquy between court and Sussex's principal confirming that "Sussex is not a named party in the LT [landlord-tenant] action" and is "not in this matter"); R&R at 14. Moreover, Sussex has acknowledged that it has assigned Burrini's rents to Valley National Bank, *see* ECF No. 13 at 2-3, in contrast to the debtor in *Dublin Properties*, which indisputably held the legal and equitable interest in the state judgments at issue after the banks had conveyed their full interests to the debtor, *see Dublin Properties*, 40 B.R. at 621. Accordingly, Sussex's reliance on these cases is misplaced. As a result—even putting aside that Sussex has not offered any authority explaining how Burrini's Notice of Removal (filed *after* Valley National Bank's motion to remand) serves as a joinder to Sussex's removal attempt—Sussex still has not shown it is sufficiently directly involved in the Eviction Action to invoke the cases it relies upon.

11

Therefore, because Sussex is not a "party" under § 1452(a), Sussex improperly removed this matter and remand is warranted.

## V.     CONCLUSION

For the reasons stated above, the motion to remand (ECF No. 11) is GRANTED and the Court adopts Judge Espinosa's R&R (ECF No. 18).  An appropriate Order accompanies this Opinion.


**Dated:  October 25, 2022**

*s/ Claire C. Cecchi*
CLAIRE C. CECCHI, U.S.D.J.
